NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OSMAN GARBA, | : | CIVIL ACTION NO. 10-4445 (MLC) |
| Petitioner, | : | **MEMORANDUM OPINION** |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**COOPER, District Judge**

This matter is before this Court on the Motion for Reconsideration by Petitioner, Osman Garba. (Dkt. 15.) This Motion is directed to the Memorandum Opinion, and the Order and Judgment, both entered in this case on April 30, 2013, which denied Petitioner's motion filed pursuant to 28 U.S.C. § 2255 and declined to issue a certificate of appealability. (Dkt. 13, 14.) Specifically, Petitioner asks this Court to reconsider our ruling in light of Alleyne v. United States, 133 S.Ct. 2151 (2013), decided by the United States Supreme Court on June 17, 2013. We will deny the Motion for Reconsideration for the following reasons.

## BACKGROUND

Petitioner is serving a term of 280 months incarceration imposed by this Court based upon his guilty plea, pursuant to a written plea agreement, to one count of

conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846. The extensive procedural history of the underlying criminal action is summarized in the Memorandum Opinion filed in this Section 2255 action (dkt. 13, 4-30-13 Mem. Op.), and will not be repeated here. That Memorandum Opinion, and the accompanying Order and Judgment, were filed on April 30, 2013. On June 27, 2013, Petitioner filed a Notice of Appeal from that Judgment. (Dkt. 16.) On the same day, Petitioner filed the current Motion for Reconsideration ("this Motion"). (Dkt. 15.) We issued scheduling orders, and the parties have completed their briefing of the issues raised in this Motion. The matter is decided without oral argument, pursuant to Local Civil Rule 78(b).[1]

Count one of the superseding indictment, to which Petitioner pleaded guilty on March 11, 2002, alleged his participation in a conspiracy involving more than 5 kilograms

---

[1] We construe this Motion to be a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), as is customary in this District. See, e.g., Johnson v. United States, No. 10-2984, 2013 WL 3990812 (D.N.J. Aug. 1, 2013) (deciding motion for reconsideration of denial of Section 2255 petition under the same rule). That rule requires such a motion to be filed no later than 28 days after the entry of judgment. This Court did, however, exercise its discretion to permit the matter to be briefed, because the Motion invoked Alleyne, decided by the Supreme Court on June 17, 2013, when Petitioner's 60-day period to file an appeal (or, more precisely, to file an application for a certificate of appealability from the Court of Appeals) apparently had not expired pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B)(i). See L.Civ.R. 83.2(b) ("Unless otherwise stated, any Rule may be relaxed ... by the Court if adherence would result in surprise or injustice."). We issued scheduling orders for that purpose and granted Respondent one nunc pro tunc extension, with which it complied. (Dkt. 18, 20, 21, 22.) Finding this Motion to be lacking in substantive merit, we will assume without deciding that it was timely filed and briefed by both parties.

2

of cocaine.  (See 4-30-13 Mem. Op. at 1.)[2]  The penalty for that federal offense was (and is) a mandatory minimum of ten years and a maximum of life imprisonment.  21 U.S.C. § 841(b)(1)(A)(ii).  Petitioner was so informed by his written plea agreement itself, and he was so advised by this Court at his Rule 11 plea hearing.  (See 4-30-13 Mem. Op. at 21-22.)  His sentence of 280 months is within that statutory sentencing range.  (Id. at 1-2.)  We have ruled, in the Memorandum Opinion on the Section 2255 motion filed on April 30, 2013, that there was no ineffective assistance in the representation provided to Petitioner by his defense counsel relating to his guilty plea.  (Id. (passim).)  That ruling is the subject of Petitioner's pending Notice of Appeal filed on June 27, 2013.

Petitioner contends in this Motion that Alleyne controls his Section 2255 claims, and requires his Petition to be granted.  (See dkt. 15, 19, 23, 24.)  Respondent opposes the Motion, arguing that Alleyne is not controlling as to his case.  (See dkt. 22.)

## DISCUSSION

Local Civil Rule 7.1(i) governs the Court's review of this Motion.  To prevail on such a motion, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question, namely the Section 2255 Judgment]; or (3) the need to correct a

---

[2]  The Memorandum Opinion filed herein on April 30, 2013, addressing Petitioner's Section 2255 motion, contains the record citations to all facts described here.  We will therefore cite to that Memorandum Opinion rather than to the underlying record.

3

clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3rd Cir. 1999).

Petitioner argues that Alleyne is an intervening change in the law controlling his Section 2255 Motion. Alleyne involved a defendant who was convicted at jury trial under 18 U.S.C. § 924(c)(1)(A). That law provides that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall be subject to a 5-year mandatory minimum, but if the firearm was "brandished," the mandatory minimum is increased to 7 years. At Alleyne's trial, the jury indicated on the verdict form that he had "used or carried a firearm during and in relation to a crime of violence," but did not indicate a finding that the firearm was "brandished." He was sentenced to 7 years' imprisonment on that count, based upon a ruling by the trial court (affirmed on appeal) that "brandishing" would be a sentencing factor rather than an element of the offense, because while "brandishing" did increase the mandatory minimum, it did not increase the statutory maximum. Thus, ruled the lower courts, Alleyne's objection was foreclosed by Harris v. United States, 536 U.S. 545 (2002). Harris held that in contrast to Apprendi v. New Jersey, 530 U.S. 466 (2000), which found judicial factfinding that increased the statutory maximum term to be unconstitutional, judicial factfinding that increased the statutory mandatory minimum term did not offend the Constitution. The Supreme Court expressly overruled Harris in its Alleyne decision, holding as follows:

> Harris drew a distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum. We

4

> conclude that this distinction is inconsistent with our decision in
> Apprendi..., and with the original meaning of the Sixth Amendment. Any
> fact that, by law, increases the penalty for a crime is an "element" that must
> be submitted to the jury and found beyond a reasonable doubt.... Mandatory
> minimum sentences increase the penalty for a crime. It follows, then, that
> any fact that increases the mandatory minimum is an "element" that must be
> submitted to the jury. Accordingly, Harris is overruled.

Alleyne, 133 S.Ct. at 2155.

Petitioner points out the undisputed facts that he was charged in the superseding indictment with conspiracy involving more than 5 kilograms of cocaine, a charge to which he pleaded guilty, and that at sentencing this Court calculated his advisory guideline range based upon a quantity of 15 to 50 kilograms of cocaine. (See 4-30-13 Mem. Op. at 7 n.4, and nn.12-14 and accompanying text at 41-42.)[3] He contends in this Motion that Alleyne requires that any quantity of cocaine above 5 kilograms may not be assigned to him for offense level calculation purposes, and would have had to be charged

---

[3] As explained in our Memorandum Opinion filed on April 30, 2013, this Court calculated Petitioner's advisory guideline range, both in the original sentencing and in the post-Booker resentencing, as follows:

> Base offense level for powder cocaine of at least 15 but less than 50 kilograms: 34
> Role in the offense upward adjustment: +2
> Obstruction of justice: +2
> Total offense level: 38

(See 4-30-13 Mem. Op. at 42 n.14.) That offense level calculation produced an advisory guideline range (in criminal history category II) of 262 to 327 months. The within-guideline sentence imposed at his original sentencing was 320 months. (Id. at 41.) Upon remand for post-Booker sentencing, we granted a one-level downward variance for post-offense rehabilitative efforts. The resulting guideline range, by analogy to offense level 37 (in criminal history category II) was 235 to 293 months, and the sentence imposed was 280 months. (Id. at 41 n.12.)

in the indictment and determined by a jury. (See dkt. 19 at 3-4.) He asserts that in his case, "the increase in drug quantity and other elements that the Court relied on to raise [his] sentence above the mandatory minimum were not charged in the indictment and were found by the preponderance of the evidence." (Dkt. 15 at 2.) Based on this argument, he seeks to have his sentence vacated. (Id.) He asserts that "at the minimum, ... the two offense level drug quantity increment must be taken off from the current sentence, thus [he] be resentenced starting at offense level 32 as per in the indictment." (Dkt. 19 at 4.)[4]

---

[4] Petitioner continues his argument as follows:

> Applying Alleyne to the drug quantity charged in Petitioner's case triggers a mandatory minimum sentence of ten years, which corresponds with Offense level 32 in the Sentencing Guidelines. Because Petitioner was placed in the second column of the Criminal History Category, a sentencing range of 151-168 months would apply. Even under Offense level 34, which Petitioner objects to, would yield sentencing range of 168-210 months, that is still lower than Petitioner's current sentence of 280 months.
>
> Although the sentencing guidelines have been made advisory under United States v. Booker, ..., the law still limits the Court's sentencing authority to the aforementioned guideline range in this case. This is because the facts that were used to increase the applicable sentencing range are now 'elements' of the offense and must be found beyond a reasonable doubt.
> ....
> Because Alleyne mandates that the additional drug quantity and the other enhancing facts are 'elements' and must be found beyond a reasonable doubt, the judge-found facts in this case are not legally sound.... This essentially means that the Court should correct the sentencing by imposing a new sentence in accordance with the indictment and thus meeting the dictates of Alleyne.

(Dkt. 24 at 2-4.)

This argument is legally incorrect for two reasons. First, <u>Alleyne</u> addressed a situation where that defendant did <u>not</u> plead guilty. Mr. Alleyne maintained his "not guilty" plea and proceeded to jury trial, thus preserving his constitutional rights to have a jury determine whether the elements of the offense were proven beyond a reasonable doubt. It is clear from the <u>Apprendi</u> jurisprudence that if a defendant pleads guilty to the indictment, the elements of the charged offense have been established by his own testimony. As we have explained in the Memorandum Opinion filed on April 30, 2013:

> We further conclude that petitioner cannot establish that his sentence of 280 months was in violation of <u>Apprendi</u> and its progeny. That sentence falls within the statutory sentencing range of ten years to life imprisonment for the offense charged in count one, on which he pled guilty and admitted those facts at the Rule 11 plea hearing.... See <u>Blakely v. Washington</u>, 542 U.S. 296, 303 ... ("Our precedents make clear ... that the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>.")... [T]he Court of Appeals scoured the record to find any non-frivolous issues when petitioner's post-<u>Booker</u> sentence was before it on appeal, ... and the Court did not even mention <u>Apprendi</u> as a potentially viable ground for attacking his conviction and sentence.

(See 4-30-13 Mem. Op. at 27-28.) This same rule was reiterated in <u>United States v. Booker</u>, when the Court stated, "[W]e reaffirm our holding in <u>Apprendi</u>: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220, 244 (2005). Thus, as we have explained above, by pleading guilty to conspiracy involving

more than 5 kilograms of cocaine as charged in count one in this case, Petitioner became statutorily subject to a sentence between the mandatory minimum of ten years and life imprisonment. Nothing in Alleyne changes that result.

The second reason why Petitioner's argument on this Motion is unavailing is that he incorrectly reads Alleyne to prohibit any judicially-determined sentencing facts that would increase the advisory guideline range above the mandatory minimum of ten years. Nothing in Alleyne conflicts with the well-settled rule of Apprendi that facts that do not constitute essential elements of the offense may be judicially determined in calculating the applicable advisory guideline range. To the contrary, the Court in Alleyne took care to distinguish such judicial factfinding as untouched by its holding:

> Juries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range *and* does so in a way that aggravates the penalty. Importantly, this is distinct from factfinding used to guide judicial discretion in selecting a punishment "within limits fixed by law." Williams v. New York, 337 U.S. 241 ... (1949). While such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern that element of sentencing.

Alleyne, 133 S.Ct. at 2161 n.2 (emphasis in original).

A recent decision of a panel of our Court of Appeals made the same point in explaining that offense level enhancements under the guidelines are not subject to the constitutional limitations imposed in Apprendi and Alleyne. United States v. Trimino, No. 13-1756, 2013 WL 5738903, at *2 (3d Cir. Oct. 23, 2013). There, in a case that did

not involve a mandatory minimum but that did involve judicial factfinding after a guilty plea, the court distinguished Alleyne on the facts, ruling as follows:

> Here the maximum sentence -- with or without the 4-level enhancement -- was ten years and the enhancement did not increase any mandatory minimum that the Court was obliged to impose. Accordingly, the Court by the use of the enhancement simply increased the advisory but not binding sentencing range to which Trimino was subject. Thus, United States v. Grier, 475 F.3d 556, 559 (3d Cir. 2007) (en banc), which held "that facts relevant to the advisory United States Sentencing Guidelines need not be submitted to a jury" is controlling here and we are constrained to affirm.

Id. at *1. The Trimino opinion added the following explanatory comments:

> Alleyne, like Apprendi, is not applicable here because the [4-level] body armor enhancement [in calculating guidelines offense level] did not increase any mandatory minimum sentence to which Trimino was subject. Second, we see nothing in the record that in any way made it unfair for the District Court to use the enhancement in calculating his offense level. To the contrary when the Court calculated his sentencing range it acted consistently with the provisions of Trimino's plea agreement.

Id. at *2.

We conclude that the factual judicial determinations that increased Petitioner's guideline offense level based upon findings of cocaine quantity of 15 to 50 kilograms and other guideline enhancement factors were legally appropriate. Those determinations, and the ultimate post-Booker sentence based upon a minor variance in Petitioner's favor, were not inconsistent with any of the constitutional limitations set forth in Apprendi or its new companion ruling, Alleyne.

The Court recognizes that Respondent also contends that relief is unavailable under Alleyne because the Alleyne rule will likely be found not retroactively applicable to cases on collateral review. (Dkt. 22 at 7-9.) We find it unnecessary to address that issue to adjudicate this Motion, for the reasons stated above. We note that the Alleyne retroactivity issue is currently being litigated in this Circuit in United States v. Reyes, 3d Cir. No. 13-3537, on appeal from United States v. Reyes, No. 11-6234, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013).

## CONCLUSION

This Court concludes that the guidelines calculation that it made, both in Petitioner's original sentencing and in his post-Booker sentencing, would not be found subject to any constitutional infirmity under the recently-announced rule in United States v. Alleyne. For this reason, the Motion for Reconsideration will be denied.

We further find that in this Motion the Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000). Accordingly, we continue to rule that no certificate of appealability will issue in this case.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: January 29, 2014